## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HANARO SHIPPING CO., LTD.,

               Plaintiff,

  - against -

METRO OCEAN LIMITED,

               Defendant.

Case No.: _____

## VERIFIED COMPLAINT

Plaintiff, Hanaro Shipping Co., Ltd. ("Plaintiff" or "Hanaro"), by its attorneys Lennon, Murphy & Phillips, LLC and Gordon, Fournaris & Mammarella, P.A., as and for its Verified Complaint against the Defendant, Metro Ocean Limited ("Defendant" or "Metro"), alleges, upon information and belief, as follows:

1.      This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      This Court's jurisdiction over this matter is based upon the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1333 (admiralty), and the Court's pendent, supplementary, and ancillary jurisdiction.

3.      The District Court for the District of Delaware is the proper venue for this matter pursuant to the FAA, as the non-party garnishee is located in this District.

4.      Plaintiff, Hanaro, is a foreign corporation with a principal place of business located in Seoul, Korea.

5.      Upon information and belief, Defendant, Metro, is a Hong Kong based company with a place of business at Flat/Rm A 12/F ZJ 300, 300 Lockhart Road in Wan Chai, Hong Kong.

{GFM-01524772.DOCX-}

6.      On or about December 23, 2020, Plaintiff and Defendant entered into and were parties to a maritime charter party contract ("Charter Party") for the M/V SEA TOPAZ ("Vessel"). A true and correct copy of the Charter Party is attached hereto as <u>Exhibit 1</u>.

7.      Pursuant to the Charter Party, Defendant was obligated to pay Hanaro hire at the rate of $8,200 per day.

8.      Pursuant to the Charter Party, on or about January 6, 2021 at East Kalimantan, Indonesia Defendant loaded a cargo of 31,881 metric tons of steam coal ("Cargo") on the Vessel.

9.      Defendant nominated Mongla Port, Bangladesh, as the port for discharge of the Cargo from the Vessel.

10.     The Vessel sailed to Mongla Port, Bangladesh and cargo discharge operations commenced on January 22, 2021.

11.     During cargo discharge operations, the buyers of the steam coal (non-party Sanita Ceramics Pvt Ltd ("Sanita Ceramics")) alleged that the cargo was off-spec and refused to take delivery of any further cargo. Accordingly, discharge operations were stopped on January 30, 2021 with 13,950 metric tons of cargo still to be discharged.

12.     On information and belief, the dispute at the discharge port is a trading dispute between the seller/shipper of the Cargo, non-party PT Jayeon Sejahtera and the buyer/receiver of the Cargo, Sanita Ceramics regarding the specification of the coal shipped on board the Vessel.

13.     On February 14, 2021, Sanita Ceramics issued proceedings in Bangladesh against a number of parties, including Hanaro and the Vessel. The Vessel was subsequently arrested by Sanita Ceramics on February 19, 2021.

14.     On March 22, 2021, cargo discharging was allowed to be resumed pursuant to court order issued in the Bangladeshi proceeding.

2

15.     On March 25, 2021, cargo discharging was resumed and was completed on March 30, 2021.

16.     Defendant has failed to pay hire due under the Charter Party, with their last payment being made on January 14, 2021, which covered the period up until January 25, 2021.

17.     Plaintiff has made multiple demands for payment of unpaid hire and, despite due demand, Defendant has made no payments covering any period beyond January 25, 2021.

18.     On April 12, 2021, a court order issued in the Bangladeshi proceedings ordered that the Vessel be released from arrest pending the provision of a bank guarantee for Tk. 5,00,00,000,[1] equivalent to $589,623.00.

19.     On April 18, 2021, a bank guarantee was issued in compliance with said order. *See* Bank Guarantee attached as Exhibit 2.

20.     Pursuant to clause 9 of the Inter-Club New York Produce Exchange Agreement (as amended September 2011) (the "Interclub Agreement"), incorporated into the Charter Party by Clause 124 of same, "[i]f a party to the charterparty provides security to a person making a Cargo Claim, that party shall be entitled upon demand to acceptable security for an equivalent amount in respect of that Cargo Claim from the other party to the charter party" upon due demand. *See*, Interclub Agreement attached as Exhibit 3.

21.     On April 21, 2021, due demand was made on behalf of Plaintiff for such countersecurity from Defendant pursuant to the Clause 124 and the Interclub Agreement.

22.     As of the date of this filing, Defendant has failed to provide any countersecurity.

23.     On April 19, 2021, a court order issued in the Bangladeshi proceedings vacated the arrest order dated February 18, 2021. Release papers were served on the Vessel on April 20, 2021.

---

[1] Bangladesh utilizes the Indian Numbering System which denotes tens of millions as "crore," transcribed in this manner. In the International Numbering System, this would be written as 50,000,000 (fifty million).

3

24.     The Vessel left Mongla Port on April 23, 2021.

25.     Defendant has breached the Charter Party by so far failing to pay hire for the period from January 25, 2021 through April 23, 2021, when the Vessel was redelivered by Defendant to Plaintiff.

26.     Unpaid hire owing to Plaintiff, together with other charges and fees, amounts to $945,066.92. *See* Statement of Account dated April 23, 2021 attached as <u>Exhibit 4</u>.

27.     Defendant has further breached the Charter Party by failing to provide countersecurity, in the amount of $589,623.00, pursuant to Clause 124 for the security provided by Plaintiff to secure the release of the Vessel from arrest.

28.     Further, Defendant is liable to Plaintiff, under the Interclub Agreement as incorporated in the Charter Party, for damages and/or an indemnity for any liability Plaintiff may incur to Sanita Ceramics arising out of the Cargo claim, amounting to an additional $2,407,067.92 (comprised of $2,996,690.92 - being the amount of the cargo claim asserted by Sanita Ceramics - less $589,623.00[2] - being the amount of countersecurity claimed in paragraph 27 above).

29.      By reason of the foregoing, Plaintiff has sustained damages and/or will sustain damages in the current amount of approximately $3,941,758.84, and continues to sustain damages due to Defendant's breaches, exclusive of interest, costs, fees, including reasonable attorneys' fees, and expenses for which Defendant is liable under the terms of the Charter Party, and at law.

30.     Clause 17 of the Charter Party provides for disputes to be submitted to arbitration in London, England, before the London Maritime Arbitration Association, and that such disputes shall be governed by English law.

---

[2] This amount is equivalent to the amount of the bank guarantee Plaintiff posted to ensure release of the Vessel from arrest.

31.     Plaintiff is preparing to imminently commence arbitration proceedings against Defendant in London.

32.     Legal fees and costs are routinely awarded to the prevailing party in arbitrations conducted in London pursuant to English law.

33.     Plaintiff anticipates it will recover the following sums in the arbitration:

| | | |
|---|---|---|
| A. | Unpaid hire - | $945,066.92 |
| B. | Damages for failure to provide counter-security - | $589,623.00 |
| C. | Damages/indemnity for cargo claim[3] - | $2,407,067.92 |
| D. | Interest[4] - | $370,000 |
| E. | Legal fees and costs of the arbitration - | $350,000 |
| | TOTAL: | $4,661,757.84 |

34.     On information and belief, Defendant Metro maintains a bank account at Citibank with a routing number indicating it is located in Delaware. *See* Redacted Invoice issued by Defendant's sub charterers, Global Shipping Management Inc.[5], to Santa Ceramics, attached as Exhibit 5.

35.     Defendant Metro cannot be found within this District for purposes of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules").

36.     Plaintiff seeks an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules attaching, inter alia,

---

[3] Exclusive of legal costs and expenses incurred in the Cargo Claim.
[4] Interest is calculated at 4.5% for 2 years compounded at three monthly rests, in accordance with the prevailing practice in London arbitration
[5] On information and belief, Global Shipping and Metro are related companies.

{GFM-01524772.DOCX-}

any property of the Defendant held by non-party garnishee, Citibank, and any other non-party garnishee(s) that may be identified, within the District for the purpose of obtaining personal jurisdiction over Defendant and to secure Plaintiff's claims as described above in the total sum of $4,661,757.84.

      **WHEREFORE**, Plaintiff Hanaro respectfully prays:

      A.     That process in due form of law issue against Defendant citing it to appear and answer under oath all and singular the matters alleged in this Verified Petition;

      B.     For an order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of $4,661,757.84 belonging to, or for the benefit of the Defendant, including, but not limited to, such property as may be held or received in Defendant's name, or as may be held, received or held for its benefit at, or within the possession, custody or control of non-party garnishee, Citibank, and any other non-party garnishee(s) that may be identified, including banking/financial institutions and/or other institutions, or such other garnishees which may be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules to answer the matters alleged in the Verified Complaint;

      C.     That this Court retain jurisdiction over this matter through the entry of an arbitration award, and/or to enter judgment based on such arbitration award, associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

      D.     That this Court award Plaintiff its reasonable attorneys' fees and costs incurred in this action; and

      E.     That Plaintiff be granted such other, further and different relief as the Court may

{GFM-01524772.DOCX-}

deem just and proper under the circumstances.

Dated: May 19, 2021                     **GORDON, FOURNARIS & MAMMARELLA, P.A.**

_/s/ Phillip A. Giordano_
William M. Kelleher, Esq. (DE Bar No. 3961)
Phillip A. Giordano, Esq. (DE Bar No. 5756)
1925 Lovering Avenue
Wilmington, DE 19806
Tel.     (302) 652-2900
Fax.     (302) 652-1142
Email:  WKelleher@gfmlaw.com
            PGiordano@gfmlaw.com

and

Patrick F. Lennon, Esq.
**LENNON, MURPHY & PHILLIPS, LLC**
The Gray Bar Building
420 Lexington Avenue, Suite 300
New York, NY 10170
Tel:     (212) 490-6050
Fax:     (212) 490-6070
Email:  plennon@lmplaw.net

_Counsel to Hanaro Shipping Co., Ltd._

7